IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GLORIA GORRICETA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARLYNN SILVERMAN, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 24-cv-002025-LKG<br><br>Dated:  May 29, 2025 |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

In this civil action, the Plaintiff, Gloria Gorriceta, brings state law claims for unpaid wages against the Defendants, Carlynn Silverman and Amy S. Dickstein. *See generally* ECF No. 19.  The Defendants have moved to dismiss the amended complaint for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).  ECF No. 24 at 1.  The motion is fully briefed. ECF Nos. 24, 25 and 26.  No hearing is necessary to resolve the motion.  L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to dismiss and (2) **DISMISSES** the amended complaint.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**[1]

   **A.     Factual Background**

In this civil action, Plaintiff Gloria Gorriceta brings state law claims for unpaid wages against Defendants Carlynn Silverman and Amy S. Dickstein, pursuant to Maryland Wage and Hour Law (the "MWHL"), Md. Code Ann., LE Art. § 3-401, *et seq*. and the Maryland Wage Payment and Collection Law (the "MWPCL"), Md. Code Ann., LE Art. § LE 3-501, *et seq*. *See generally* ECF No. 19.  Specifically, the Plaintiff asserts the following claims against the

---

[1] The facts recited in this memorandum opinion are taken from the amended complaint; the Defendants' motion to dismiss; and the memorandum in support thereof.  ECF Nos. 19, 24, 25 and 26.  Unless otherwise stated, the facts recited herein are undisputed.

Defendants in the amended complaint: (1) Failure to Pay Overtime Wages under the MWHL (Count I) and (2) Failure to Pay Earned Wages under the MWPCL (Count II).  ECF No. 19 at ¶¶ 25-32.  As relief, the Plaintiff seeks, among other things, to recover monetary damages, including all unpaid overtime wage payments and liquidated damages, from the Defendants.  *Id.* at Prayer for Relief.

<u>The Parties</u>

Plaintiff Gloria Gorriceta is a lawful permanent resident of the United States who lived and worked in the State of Maryland from October 2017 to May 2024.  *Id.* at ¶ 4 and 7.

Defendants Carlynn Silverman and Amy S. Dickstein are both residents of the State of Maryland.  ECF No. 24 at 1.

<u>The Plaintiff's Domicile</u>

As background, the Plaintiff worked as a domestic employee for Defendant Carlynn Silverman in Chevy Chase, Maryland from October 2017 to May 2024.  ECF No. 19 at ¶ 6-7.  During the time of her employment with Defendant Silverman, the Plaintiff lived in a residence located in Chevy Chase, Maryland.  *Id.* at ¶ 8.

The Plaintiff's employment relationship with Defendant Silverman ended in May 2024.  ECF No. 19 at ¶ 7; ECF No. 24 at ¶ 2.  Thereafter, the Plaintiff left her residence in Maryland and traveled to the Philippines to care for her mother.  ECF No. 25-1 at 1 ¶ 5.

The Plaintiff maintains in this civil action that she had no intention of returning to Maryland after she traveled to the Philippines.  ECF No. 25-1 at 1 ¶ 7.  In this regard, the Plaintiff alleges that she planned to "reside in the Philippines indefinitely to care for her older mother" and that she "only had a general intention to return to the United States."  ECF No. 25 at 3.

It is undisputed that the Plaintiff initiated this litigation while she was living in the Philippines.  ECF No. 19 at ¶ 4.  It is also undisputed that the Plaintiff booked a flight from the Philippines to the United States in October 2024 and that she arrived in the United States in November 2024.  ECF No. 25-1 at 1 ¶¶ 8-9; *see also* ECF No. 25-2 (the Plaintiff's one-way plane ticket from the Philippines to the United States.).

B.     **Procedural Background**

The Plaintiff commenced this matter on July 12, 2024, and she amended the complaint on October 16, 2024. ECF Nos. 1 and 19. On November 12, 2024, the Defendants filed a motion to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(1). ECF No. 24.

On November 26, 2024, the Plaintiff filed a response in opposition to the Defendants' motion. ECF No. 25. On December 10, 2024, the Defendants filed a reply brief. ECF No. 26.

The Defendants' motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III.    LEGAL STANDARDS

A.     **Diversity Jurisdiction And Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* (citation omitted). And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

In this regard, it is well-established that federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, district courts possess jurisdiction over civil actions where the matter in controversy exceeds

$75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). And so for diversity jurisdiction to exist, there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted).

## IV. ANALYSIS

The Defendants have moved to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(1), upon the grounds that diversity jurisdiction has not been established in this case. ECF No. 24-1 at 3. And so, the Defendants request that the Court dismiss the amended complaint with prejudice. ECF No. 24 at ¶ 8.

The Plaintiff counters that the Court should not dismiss this matter, upon the grounds that there is complete diversity of the parties because she was domiciled in the Philippines when this lawsuit commenced. ECF No. 25 at 5-7. And so, the Plaintiff requests that the Court deny the Defendants' motion to dismiss. *Id.* at 9.

For the reasons that follow, the amended complaint and the undisputed evidence before the Court show that the Plaintiff was a resident of the State of Maryland when she commenced this litigation. Given this, the Plaintiff has not shown that there is complete diversity of the parties to establish subject-matter jurisdiction in this case. And so, the Court (1) GRANTS the Defendant's motion to dismiss (ECF No. 24) and (2) DISMISSES the amended complaint (ECF No. 19).

### A. The Plaintiff Has Not Established Subject Matter Jurisdiction

As an initial matter, the Plaintiff has not shown that there is complete diversity of the parties in this case to establish subject-matter jurisdiction, because the unrebutted evidence shows that the Plaintiff and the Defendants are domiciled in the State of Maryland.

Pursuant to 28 U.S.C. § 1332(a)(2), this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000. . . and is between. . . citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). "[J]urisdiction attaches at the commencement of an action." *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288,

4

290 (4th Cir. 1999). And so, "the burden of persuasion is always on the party seeking to invoke the jurisdiction of the federal court." *Dyer v. Robinson*, 853 F. Supp. 169, 173 (D. Md. 1994).

In this regard, there are two elements required to establish a domicile: (1) physical presence and (2) intent to remain there. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Dyer*, 853 F. Supp. at 172 ("[T]he old domicile continues even when there is a change of residence until there is an intent to create a new home."). And so, this Court has previously looked to the following factors to determine a domicile when it is in doubt whether a domicile has been established: "current residence, voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; memberships in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several others. No single factor is conclusive." *Dyer*, 853 F. Supp. at 172 (quoting Wright, Miller and Cooper, *Federal Practice and Procedure: Jurisdiction* 2 § 3612 (2d ed. 1992).

The evidence shows that both the Plaintiff and Defendants were domiciled in Maryland when this litigation commenced. Both parties agree that, as of May 2024, the Plaintiff was domiciled in the State of Maryland. ECF No. 25 at 7; ECF No. 24 at ¶¶ 2 and 6. The Plaintiff had lived and worked in Maryland for over six years, from October 2017 to May 2024. ECF No. 19 at ¶ 7. Jurisdiction attached on July 12, 2024, when the action commenced. *See generally* ECF No. 1; *see also Athena Auto.*, 166 F.3d at 290. During this time, the Plaintiff was living in the Philippines to care for her mother, though she intended to return to the United States in November 2024 to maintain her status as a lawful permanent resident of the United States. ECF No. 19 at ¶ 4. Given that the Plaintiff is invoking the jurisdiction of this Court, the Plaintiff bears the burden to prove that the Plaintiff's domicile has changed. *See Dyer*, 853 F. Supp. at 173; ECF No. 19 at ¶¶ 3-5.

Although the Plaintiff was physically located in the Philippines in July of 2024, the Plaintiff has not proven that she intended to remain there. Even when there is a change in residence, the previous domicile remains until there is an intent to create a new home. *Dyer*, 853 F. Supp. at 172. Here, there is no evidence to suggest that the Plaintiff intended to create a new home in the Philippines; rather, the Plaintiff has explained that she was living in the Philippines to care for her mother. ECF No. 25-1 at 1 ¶ 5. The Plaintiff also does not point to any of the factors that the Court considers to determine domicile to show that she was domiciled in the

Philippines when she commenced this matter. In this regard, the Court observes that the Plaintiff booked a one-way ticket to the United States in October 2024 and returned to the United States in November 2024. ECF No. 25-1 at 1 ¶¶ 8-9.

Because the Plaintiff and the Defendants are both domiciled in Maryland, diversity jurisdiction has not been established in this case. 28 U.S.C. § 1332(a)(2). And so, the Court must dismiss this matter for lack of subject-matter jurisdiction.

## V.   CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Defendant's motion to dismiss (ECF No. 24) and

(2) **DISMISSES** the amended complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
United States District Judge